**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4861**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARLOS ANDREAS PARKS,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (CR-99-11-V)

---

Submitted: June 9, 2004                Decided: October 27, 2004

---

Before LUTTIG and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Randolph M. Lee, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Gretchen C. F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Carlos Andreas Parks appeals from the amended judgment of the district court convicting him of conspiring to possess with the intent to distribute cocaine, cocaine base, and marijuana, and sentencing him to 360 months' imprisonment. In his appeal, filed pursuant to Anders v. California, 386 U.S. 738 (1967), counsel for Parks claims that the district court erred in (1) sentencing Parks in violation of the tenets of Apprendi v. New Jersey, 530 U.S. 466 (2000), and (2) denying his motion for a downward departure.

Because Parks failed to object to the district court's imposition of an enhanced sentence based on the indictment's failure to specify drug quantity, we review for plain error. See United States v. Olano, 507 U.S. 725, 732-34 (1993). The Government concedes that the sentence was erroneous because the indictment failed to include an allegation related to drug quantity. However, we will exercise our discretion to notice plain error only where the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Olano, 507 U.S. at 736 (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)). In this case, Parks stipulated to the relevant drug quantities at sentencing, so there was independent and uncontroverted evidence establishing the threshold drug quantity to support an enhanced sentence. See United States v. Cotton, 535 U.S. 625, 633 (2002) (holding where the evidence of the necessary

- 2 -

drug quantity was overwhelming and essentially uncontradicted, there was no basis to conclude the error seriously affected the fairness, integrity, or public reputation of judicial proceedings). Accordingly, we deny relief on this claim.

Parks next claims that the district court abused its discretion by failing to grant a downward departure based on the Government's failure to move for a reduction in sentence pursuant to Fed. R. Crim. P. 35(b). Under U.S. Sentencing Guidelines Manual § 5K2.0 (1998), a sentencing court may depart downward for an aggravating or mitigating circumstance not adequately taken into account under the guidelines. See USSG § 5K2.0, p.s. Parks believes that the Government's failure to provide him an opportunity to cooperate constitutes a mitigating circumstance. However, our review of the record contradicts Parks' understanding. The Government's failure to reward Parks with a Rule 35(b) motion was based on its perception of his perjury and his general lack of cooperation, not on an unfounded desire of the Government to preclude his cooperation. Accordingly, we conclude that the district court did not abuse its discretion in denying a downward departure.

In his pro se supplemental brief, Parks also claims that the district court erred in enhancing his sentence for possession of a firearm and for his role in the offense. See U.S. Sentencing Guidelines Manual §§ 2D1.1(b)(1), 3B1.1(c) (1998). Neither of

these claims was preserved in the district court. Accordingly, they are reviewed for plain error. <u>United States v. Ford</u>, 88 F.3d 1350, 1355 (4th Cir. 1996). Our review of the uncontradicted facts considered by the district court finds no support for either of Parks' supplemental claims. To the contrary, both of the enhancements are well supported by the presentence investigation report, as adopted by the district court. Accordingly, we deny relief on these claims.

Finding no meritorious issues upon our review of the record, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We deny Parks' motion to substitute counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 4 -